**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Theodore Willenbring,

Plaintiff,

v.

The Prudential Insurance Company, Prudential Merged Retirement Plan, and the Prudential Trust Company, as trustee for the Prudential Merged Retirement Plan,

Defendants.

Civil No. 01-531 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Alan Silver, Esq., Bassford Lockhart Truesdell & Briggs, 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, and Theresa Freeman, Esq., Neff Law Office, 7760 France Avenue South, Suite 720, Bloomington, MN 55435, appeared on behalf of Plaintiff.

Tom Mahlum, Esq., Robins Kaplan Miller & Ciresi, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402, and Aaron Schindel, Esq., Proskauer Rose, 1585 Broadway, New York, NY 10036, appeared on behalf of Defendants.

---

**Introduction**

The above-entitled matter came on for hearing before the undersigned United States District Judge on September 21, 2001, pursuant to Defendant's motion to dismiss and Plaintiff's motion for leave to file additional affidavits. In the Complaint, Plaintiff alleges age discrimination in violation of the ADEA and the MHRA (Count I); reprisal in violation of Title VII, ERISA, the ADEA, and the MHRA (Count II); breach of contract (Counts III, V, and VI); breach of fiduciary duty in violation of ERISA (Count IV); failure to pay benefits due under ERISA (Count VII); and failure to produce information as required by ERISA (Count VIII). Defendants now move the Court to dismiss the Complaint except for Count VIII. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

OCT 09 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## Background

Plaintiff is a former sales representative for Defendant Prudential. There is a long history of litigation between the parties. Plaintiff first left Prudential in 1995; he contends that he was constructively discharged as a result of pervasive and severe age discrimination. He filed suit in 1996 for age discrimination, and the parties settled. Pursuant to that settlement agreement, Plaintiff returned to work for Prudential, but left again after only two months. He again filed suit alleging further age discrimination, reprisal, and breach of the 1996 settlement agreement. That suit settled in 1999.

The 1999 settlement agreement is critical to this motion. Where the 1996 settlement agreement contained provisions relating to calculation of Plaintiff's past sales and time worked (for pension purposes) and addressed compensation that he should continue to receive pursuant to a Retired Agent's Agreement (which allows retired agents to continue to earn commissions for policy renewals for clients they booked while they were agents), the 1999 agreement provides only a lump sum cash payment which, by its terms, was not intended to represent past compensation; rather the settlement amount was for emotional pain and suffering. The 1999 settlement agreement also contains a release which states:

> This release includes . . . any claims which were or could have been asserted in the Current Litigation, Prior Litigation or in NASD arbitration proceedings, and any claims he may have for wages, commissions, penalties, vacation pay or other benefit, any benefit under the Employee Retirement Income Security Act of 1974, as amended; any claims of discrimination or reprisal or harassment under Title VII of the Civil Rights Act of 1964, The Civil Rights Act of 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act, as amended by the Older Workers Benefits Protection Act, Section 1981 of the Civil Rights Act of 1866; or infliction of emotional distress; defamation; breach of promise, misrepresentation, negligence, fraud, estoppel, or improper or constructive discharge . . . . Plaintiff acknowledges and agrees that he hereby releases and waives claims that he knows about and claims that he may not know about. The parties agree that Plaintiff does not hereby waive or release any claim for

enforcement of the terms of this Agreement, vested pension, 401(k) plan, benefit plan or savings plan benefits, investments, insurance plan, or other contract or retired agent agreement.

Plaintiff now alleges that Prudential failed to abide by the terms of the 1996 settlement agreement and the terms of the Pru Plan pension plan (which is covered by ERISA) when it calculated the amount of his pension benefits; Plaintiff has been receiving a pension since 1995. Plaintiff further asserts that his attempts to get information about his pension benefits have been generally resisted.

## Discussion

### 1. Standard of Review

In deciding a motion to dismiss, the Court must assume all facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court grants a motion to dismiss only if it is clear beyond any doubt that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Id.* The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The Court need not resolve all questions of law in a manner which favors the complainant; rather, the Court may dismiss a claim founded upon a legal theory which is "close but ultimately unavailing." *Id.* at 327.

### 2. ERISA Claims

Plaintiff has brought several claims pursuant to the provisions of ERISA. First, Count IV alleges a claim for breach of fiduciary duty in violation of ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). This provision allows a plan participant to bring an action against the plan fiduciaries on behalf of the plan, but not on his own behalf. *See Conley v. Pitney Bowes*, 176

F.3d 1044, 1047 (8th Cir. 1999), *cert. denied*, 528 U.S. 1136 (2000). In the Complaint, Plaintiff asks only for money damages for himself; he does not request any injunctive relief on behalf of the plan or plan participants, nor does he seek reformation of the plan or removal of the fiduciaries. Indeed, Plaintiff has not alleged the sort of the type of "pattern or practice of fiduciary violations that require reform." *Id.* Rather, Plaintiff has alleged only that Defendant Prudential's contributions to the plan on Plaintiff's behalf were insufficient and, as a result, Plaintiff's own benefits from the plan were insufficient. Call it what he may, this is an individual claim which is defective as a matter of law.

Second, Count VII asserts a claim for failure to pay benefits due in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Defendants assert that this claim should be dismissed because Plaintiff has failed to exhaust the internal administrative remedies as described in the plan itself. Typically, an ERISA plan beneficiary may not assert a claim for plan benefits in federal court without first exhausting the administrative remedies required by the applicable plan. *See Burds v. Union Pac. Corp.*, 223 F.3d 814, 817 (8th Cir. 2000).

However, "[w]hen a plan administrator in control of the available review procedures denies a claimant meaningful access to those procedures, the district court has discretion not to require exhaustion." *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir. 1990).[1] If, despite a request for plan information, a plan administrator fails to provide a plan beneficiary with a summary plan description outlining the appropriate

---

[1] Defendants suggest that *Curry* is inapplicable to this case because *Curry* dealt with exhaustion in the context of enforcing a different ERISA provision. The Court does not agree. The analysis of the exhaustion requirement and the exceptions thereto should be uniform across the various types of ERISA claims, and the Defendants have not articulated a reasoned basis for altering the analysis as between different types of claims.

administrative procedures, the plan administrator has effectively denied the claimant meaningful access to those procedures. *Id.*

The Defendants cite two cases, *Meza v. Gen. Battery Corp.*, 908 F.2d 1262 (5th Cir. 1990) and *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130 (2d Cir. 2001), for the proposition that a claimant's ignorance of the appropriate administrative procedures does not excuse the claimant's failure to exhaust those procedures. Yet these two cases are readily distinguished from this case because, in *Meza* and *Davenport*, the plaintiffs never even requested information about how to pursue a claim, and the courts considered that to be relevant to their analysis of exhaustion; here, in contrast, Plaintiff asked for a copy of the summary plan description–which would have described the appropriate administrative procedures–and, according to the Complaint, he was denied. As a result, the Court finds that, on the face of the Complaint, the Plaintiff has articulated a legitimate exception to the exhaustion requirement.

The Defendants only argued for dismissal of Count VII on the basis of Plaintiff's failure to exhaust. As a result, the Court does not address any other potential defects in Plaintiff's claim under ERISA § 502(a)(1)(B), and instead denies Defendants' motion as to this claim.

Finally, in Count VIII of the Complaint, Plaintiff has asserted a claim under ERISA § 502(c)(1) for failure to produce information. Defendants have not requested dismissal of this claim.

**3. Discrimination and Reprisal Claims**

The exact basis for Plaintiff's discrimination and reprisal claims is never clearly articulated in the Complaint, but these claims apparently relate almost entirely to actions or omissions that pre-date the 1999 settlement agreement between the parties. In supporting these claims, Plaintiff cites the following discriminatory "actions" taken by Defendants: defrauding

Plaintiff out of his pension rights; inflicting humiliation and mental and physical pain and anguish[2]; refusing to provide Plaintiff with information about his pension benefits; refusing to provide Plaintiff with commission income pursuant to a retired agent's agreement; and "reduction in pension benefits because of good faith reports of discrimination."

However, it is uncontested that Defendants calculated Plaintiff's pension benefits starting in 1995, and Plaintiff has received no income as a result of or after the 1999 settlement agreement, so Plaintiff's pension benefit calculation has not changed after the 1999 settlement agreement. As a result, any claim Plaintiff might have had regarding the amount of his pension benefits accrued before the 1999 settlement agreement and was thus released by that agreement. Plaintiff contends that the 1999 settlement agreement specifically exempted ERISA claims or claims for pension benefits from its release provision. Yet the release specifically applies to any claims, which were ripe as of the date of the 1999 settlement agreement, for commissions or benefits under ERISA. The exemption of claims for vested pension benefits can only be construed to allow Plaintiff to bring claims for such benefits which accrued after the 1999 settlement agreement, yet there has been no basis for a recalculation of benefits subsequent to the 1999 settlement agreement.

Similarly, Plaintiff's right to a retired agents agreement accrued long before the 1999 settlement agreement (specifically, it was a provision of the 1996 settlement agreement). Plaintiff never received such an agreement, and Plaintiff sued Defendants to obtain such an

---

[2] Plaintiff does not appear to be asserting a claim for harassment; his post-1999 contact with the Defendants, as described in the Complaint, has been entirely too sporadic to result in the sort of severe and pervasive harassment necessary to maintain an age discrimination claim. Rather, the Court must conclude that the Plaintiff's claims for mental and physical anguish are in the nature of damages resulting from the other discriminatory acts and are not, themselves, independent discriminatory actions.

agreement. That suit resulted in the 1999 settlement agreement; and the 1999 settlement agreement does not require Defendants to issue a retired agents agreement to Plaintiff. Again, Plaintiff asserts that the settlement agreement specifically exempted claims for benefits under a retired agent agreement. But the exemption language he cites refers to claims to enforce a retired agent agreement; Plaintiff concedes that no such agreement exists. Again, the Court is forced to conclude, on the face of the 1999 settlement agreement, that Plaintiff's claims for commissions–based on an agreement which does not exist and to which he has no viable right–should be dismissed.

The only remaining basis for Plaintiff's discrimination and reprisal claims is that the Defendants denied Plaintiff information about his pension benefits and that the failure to provide information was motivated by retaliatory animus. Specifically, Plaintiff alleges that Defendants denied him information about his plan benefits either because he complained of unlawful discrimination, thus violating the ADEA, Title VII, and the MHRA, or because he complained of ERISA violations, thus violating ERISA § 510. On this limited basis, Plaintiff's Count II survives this motion to dismiss.[3] The Court cannot fathom that Plaintiff will ultimately be able to support such a claim with admissible evidence, but, at present, the Court is limited to taking the facts as alleged in the Complaint to be true, and this small portion of Count II is not dismissed.

---

[3] Defendants allege that the reprisal claim also fails for preemption; this is true of, at most, the MHRA claim. Defendants also allege that the reprisal claim fails because Plaintiff failed to exhaust his administrative remedies; for the reasons stated above, this argument is not persuasive.

**4. Breach of Contract Claims**

Counts III, V, and VI of the Complaint all purport to state claims for breach of contract. Count III specifically relates to Defendants' alleged breach of the 1996 settlement agreement, while Counts V and VI both allege breaches of Plaintiff's employment contract (Count V alleges breach of that contract when Defendants failed to avoid discriminatory conduct generally while Count VI alleges breach of the employment contract when Defendants failed to adequately compensate Plaintiff and failed to accurately credit his compensation for purposes of pension calculations). Every one of these claims accrued, and the actions underlying them occurred, before the 1999 settlement agreement was signed; there has been no compensation or recalculation of pensions benefits, nor should there have been, since the 1999 settlement agreement. Accordingly, for the reasons stated above, the Court finds that these claims were released pursuant to the express provisions of the 1999 settlement agreement.

**5. Motion for Leave to File Additional Affidavits**

This motion is denied on the grounds that the affidavits were not filed in a timely manner, and the Plaintiff failed to adequately explain why such affidavits could not have been submitted in a timely manner. Moreover, in the Court's view, the contents of the affidavits, had they been admitted, would not have altered the outcome of the motion to dismiss.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (Doc. No. 4) is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. The Motion is **GRANTED** as to Counts I, III, IV, V, and VI, and those claims are **DISMISSED WITH PREJUDICE**;

b. The Motion is **DENIED** as to Count VII; and

c. The Motion is **DENIED** as to Count II to the extent Count II alleges retaliatory motive behind Defendant's refusal to provide Plaintiff with information but is in all other respects **GRANTED** as to Count II.

2. Plaintiff's Motion for Leave to File Additional Affidavits (Doc. No. 12) is **DENIED**.

Dated: October 9, 2001

DONOVAN W. FRANK
Judge of United States District Court